# U.S. District Court
## Eastern District of Kentucky (Lexington)
## CRIMINAL DOCKET FOR CASE #: <u>5:26−mj−05149−MAS−1</u>
### *Internal Use Only*

Case title: USA v. Kriisa                                    Date Filed: 07/06/2026

Other court case number:  1:26−cr−29 West Virginia Northern

---

Assigned to: Magistrate Judge
Matthew A. Stinnett

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Kerr Kriisa** | represented by **Rawl Douglas Kazee** |
| | 149 N. Limestone |
| | Lexington, KY 40507 |
| | 859−684−9113 |
| | Fax: 859−225−5312 |
| | Email: <u>rawlkazee@yahoo.com</u> |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | *Designation: CJA Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18:1343 WIRE FRAUD | |

---

**<u>Plaintiff</u>**

| | |
|---|---|
| **USA** | represented by |

1

**Mary Lauren Melton , AUSA**
U.S. Attorney's Office, EDKY
260 W. Vine Street
Suite 300
Lexington, KY 40507−1612
859−685−4802
Fax: 859−233−2533
Email: Mary.Melton@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2026 | 1 | Rule 40/Rule 5(c) Documents as to Kerr Kriisa (Attachments: # 1 NDWV Indictment)(STC) (Entered: 07/06/2026) |
| 07/06/2026 | | CJA Case Assignment by Clerk: Rawl Kazee APPOINTED CJA for Kerr Kriisa. cc: COR, USP, USM (STC) (Entered: 07/06/2026) |
| 07/06/2026 | | CLERK'S VIRTUAL NOTICE re: HEARING SCHEDULE as to Kerr Kriisa. INITIAL APPEARANCE − Rule 40 set for 7/7/2026 at 1:00 PM in LEXINGTON before Magistrate Judge Matthew A. Stinnett. For a defendant in custody, defense counsel shall endeavor to meet with their client prior to the hearing to discuss any and all issues to be raised at the pending hearing. USMS shall, working with the relevant facility, ensure that defense counsel has access to the defendant at reasonable times and for reasonable periods. If this is not possible, a party may file a motion with the Court seeking Court guidance, if needed. cc: COR, USM, USP (STC) (Entered: 07/06/2026) |
| 07/07/2026 | 2 | CJA 23 Financial Affidavit by Kerr Kriisa (STC) (Entered: 07/07/2026) |
| 07/07/2026 | 3 | MINUTE ENTRY: INITIAL APPEARANCE IN RULE 5(c)(3) Proceedings as to Kerr Kriisa held on 7/7/2026 before Magistrate Judge Matthew A. Stinnett: Rawl Kazee appeared as appointed counsel for defendant. Mary Melton appeared on behalf of the USA. 1. Rawl Kazee appointed; 2. dft released on conditions in separate Order of release to appear 7/6/2026 at 2:30 PM before Magistrate Judge Aloi in Clarksburg, WV. Signed by Magistrate Judge Matthew A. Stinnett. (Tape #:KYED−LEX__5−26−mj−5419−MAS_20260707_125123.) (USPO: Chad Moss.) (STC)cc: COR,USM,USP,NDWV (TIC − :20) (Entered: 07/07/2026) |
| 07/07/2026 | 4 | ORDER Setting Conditions of Release as to Kerr Kriisa. Signed by Magistrate Judge Matthew A. Stinnett on 7/7/2026. (STC)cc: COR,USM,USP (Entered: 07/07/2026) |
| 07/07/2026 | 5 | ORDER requiring defendant to appear in District where charges are pending as to Kerr Kriisa. Signed by Magistrate Judge Matthew A. Stinnett on 7/7/2026. (STC)cc: COR,USM,USP (Entered: 07/07/2026) |

Case 5:26-mj-05149-MAS    Document 3  Filed 07/07/26  Page 3 of 10 - PageID: 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CRIMINAL MINUTES – GENERAL

Magistrate No.  26-5149-MAS                    At  Lexington                Date  July 7, 2026

USA vs Kerr Kriisa                    x  present    x  custody    ____  bond    ____  OR    Age  ____

PRESENT:            HON. MATTHEW A. STINNETT, U.S. MAGISTRATE JUDGE

| Samantha Howard | Audio File | None | Mary Melton |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

Counsel for Defendant    Rawl Douglas Kazee    X  present    ____  retained    X  appointed

I, Samantha Howard, Deputy Clerk, CERTIFY the official record of this proceeding is audio file
KYED-LEX__5-26-mj-5419-MAS_20260707_125123

PROCEEDINGS:  **INITIAL APPEARANCE/REMOVAL HEARING**

Parties appeared for initial appearance/removal hearing on an indictment warrant filed in Case No1:26-cr-29-JPB-MJA, United States District Court, Northern District of West Virginia, pursuant to Rule 5.1. United States Probation Officer Chad Moss was also present. The United States advised no victims requested to be heard as part of this proceeding. The Court advised Defendant of his constitutional rights, including his right to counsel. The defendant requests that counsel be appointed for him in the Northern District of West Virginia. Defendant does not contest that he is the individual in the warrant from the Northern District of West Virginia. The United States did not request pretrial detention.

After hearing statements of counsel, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

1. Rawl Douglas Kazee is appointed to represent the Defendant under the Criminal Justice Act.

2. Defendant released on conditions as set forth in a separate Order of release to appear on **July 16, 2026, at 2:30 p.m.** before Magistrate Judge Michael Aloi in Clarksburg, WV

Copies:  COR, USP, USM, DNJ            Initials of Deputy Clerk: slh            TIC: /20

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

Case: 5:26-mj-05149-MAS      Document 4  Filed 07/07/26  Page 4 of 10 - PageID: 22

Eastern District of Kentucky
FILED

JUL 07 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. **5:26-mj-5149-MAS** |
| ) | |
| KERR KRIISA ) | |
| ————————————, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

☑ 1.  The defendant must not violate federal, state, or local law while on release.

☑ 2.  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

☑ 3.  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

☑ 4.  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

☑ The Defendant must appear at the United States District Courthouse as directed by Scheduling Order or other Court Order.

    ☑ Defendant must appear at all hearings in this case.

    ☐ Defendant must appear on: _____.

If blank, the defendant will need to be notified of the next appearance.

☐ 5.  The defendant must sign an Appearance Bond if so ordered.

Defendant shall follow the directions and instructions of the USPO in implementing the supervision established by this Order to include meeting times, obligations, locations and other administrative details of supervision.

## ADDITIONAL CONDITIONS OF RELEASE

☐ 6.  The Defendant is placed in custody of:

Person or Organization: _____.

Address (only if organization): _____.

City and State: _____ Telephone: _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance in all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____    _____
                   Custodian          Date

☑ 7.  The defendant must also:

    ☑ a.  submit to supervision by and report for supervision to the United States Probation Office, telephone number 859-233-2646, not later than:

    ☐ b.  continue to actively seek employment.

    ☐ c.  continue or start an education program

    ☑ d.  surrender any passport to USPO

    ☑ e.  not obtain a passport or other international travel document

    ☑ f.  abide by the following restrictions on personal association, residence or travel, unless approved by USPO: E.D. Ky.; N.D. W.Va.

    ☑ g.  avoid all contact, directly or indirectly (including electronic means), with any person who is or may be a victim or witness in the investigation or prosecution, except through counsel. This may include:

        _____

    ☐ h.  submit to a mental health assessment for inpatient or outpatient therapy. Following the assessment and analysis of pretrial services:
            ☐ Defendant shall be placed at: _____
            ☐ Defendant must pay all or part of the cost of the program based on the ability to pay as determined by the pretrial services office or supervising officer.
        If placed in treatment, Defendant must participate in that treatment as ordered by USPO.

    ☐ i.  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

    ☐ j.  maintain residence at a halfway house or community corrections center, as the pretrial service office or supervising officer considers necessary

Page **2** of **6**

☐k.  not possess a firearm, destructive device, or other weapon

☐l.  not use alcohol ____ at all ____ excessively

☐m.  not use or unlawfully possess a narcotic drug or other controlled substance defined in 21U.S.C. § 802, unless prescribed by a licensed medical practitioner

☐n.  submit to testing for prohibited substance if required by the pretrial services officer or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, submitting a breathalyzer, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing or prohibited substances.

☐o.  participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.

> Pay all or part of the cost of remote alcohol testing, including equipment loss and damage, based upon your ability to pay as determined by pretrial services or the supervising officer.

☐p.  submit to an initial assessment for inpatient or outpatient substance use disorder therapy. Based upon the assessment and analysis of pretrial services:

> ☐ Defendant shall be placed at: _____
>
> ☐ Defendant must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

If placed in treatment, Defendant must participate in that treatment as ordered by USPO.

☐q.  participate in one of the following location restrictions programs and comply with its requirements as directed:

> ☐ **Curfew**: You are restricted to your residence:
>> Every day from _____ to _____
>> Or as directed by the pretrial services officer or supervising officer.
>
> ☐ **Home Detention**: You are restricted to your residence at all times except for employment; education; religious services; medical, substance use disorder, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other essential activities approved in advance by the pretrial services office or supervising officer.
>
> ☐ **Home Incarceration**: You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities

and court appearances or essential activities specifically approved by the court.

☐ **Stand Alone Monitoring**: You have no residential curfew restrictions. However, you must comply with the location or travel restrictions as imposed by the court Note: This component should be used in conjunction with GPS technology or virtual mobile application technologies.

☐ r. submit to the following location monitoring technology:

☐ Location monitoring technology as directed by the pretrial services or supervising officer

☐ GPS (ankle worn or wrist worn)

☐ Radio frequency

☐ Voice recognition

☐ Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct an initial and periodic inspections of the mobile device to verify that (1) the monitoring software is functional, (2) the required configurations (e.g., location services) are unaltered, and (3) no efforts have been made to functionally alter or deter the mobile application.

☐ USPO has one business day following Defendant's release to install the location monitoring service.

☐ Defendant must pay all or part of the location monitoring, including equipment loss and damage, based upon ability to pay, as determined by pretrial services or the supervising officer.

☑ s. Not open any new lines of credit, money market, savings and/or checking accounts unless approved by the USPO.

☑ t. report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☐ u. Other:

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(a)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more — you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(b)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years — you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(c)     any other felony — you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(d)     a misdemeanor — you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear, or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGEMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

**Lexington, KY**
_____
*City and State*

Directions to the United States Marshal: The defendant is **ORDERED** released after processing. The United States Marshals Service and any law enforcement agency having current custody over a defendant appearing before and released by the Court shall ensure that any jail facility housing or otherwise involved in a defendant's custody received immediate notice of a release order and in a manner that assures timely implementation of the order.

The United States marshal is **ORDERED** to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 7/7/26

_____
Judicial Officer's Signature

**Matthew A. Stinnett, U.S. Magistrate Judge**
_____
Printed Name and Title

Case 5:26-mj-05149-MAS    Document 5    Filed 07/07/26  Page 10 of 10 - PageID #: 18

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Kentucky
FILED

JUL 07 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| KERR KRIISA | ) |
| | ) |
| *Defendant* | ) |

Case No.    5:26-MJ-5419-MAS

Charging District:    Northern District of West Virginia

Charging District's Case No. 1:26-cr-29-JPB-MJA

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: 500 West Pike Street, Room 301 Clarksburg, WV  26301 | Courtroom No.: |
|---|---|
| | Date and Time: 7/16/2026 2:30 p.m. |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:    7/7/2026

_____
*Judge's signature*

Magistrate Judge Matthew A. Stinnett
_____
*Printed name and title*