**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**KERR KRIISA,**

        **Defendant.**

**Case No.:  1:26-CR-29
(JUDGE BAILEY)**

## INITIAL SCHEDULING ORDER

On July 3, 2026, Defendant was arrested in the Eastern District of Kentucky in the above-styled criminal action. On July 7, 2026, Defendant appeared in the Eastern District of Kentucky for an Initial Appearance. The Court in the Eastern District of Kentucky appointed counsel to represent Defendant for the Initial Appearance. [ECF No. 9].  The Eastern District of Kentucky then released Defendant per the terms of the Order Setting Conditions of Release [ECF No. 9]. This Court appointed counsel to represent Defendant [ECF No. 7] for the remainder of the matter, and scheduled the matter [ECF No. 8] for Arraignment. Thereafter, Defendant, by counsel, provided to the Court a fully-executed Waiver of Appearance Under Rule 10(b) [ECF No. 14] by which Defendant affirmed that he received and reviewed a copy of the Indictment, waived the right to be present for the Arraignment, and entered a plea of not guilty. The Court then cancelled the Arraignment. [ECF No. 16].

By filing on the Court's on the Court's CM/ECF system, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material

1

either to guilt or punishment. Further, the Court noted that consequences for a <u>Brady</u> violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor. [ECF No. 15]

In accordance with the Local Rules of Criminal Procedure (LR Cr P), it is **ORDERED** that:

(1)    The United States Attorney shall provide Defendant's counsel with copies of pre-trial discovery and inspection on or before **July 16, 2026**.  LR Cr P 16.01.

Defendant shall provide reciprocal discovery on or before **July 17, 2026.**

Any declination of disclosure, additional discovery or inspection and additional evidence shall be in accordance with LR Cr P 16.02, 16.03, and 16.04.

(2)    Exculpatory evidence shall be disclosed on or before **July 16, 2026**.  LR Cr P 16.05.

(3)    All motions, including any motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and LR Cr P 47.01, shall be filed on or before **July 20, 2026**.  <u>All such motions shall contain or be accompanied by a memorandum or brief presented at the time of filing which sets forth the reasons and legal support for granting such motion.  If this memorandum or brief is not presented at the time of filing, the motion will be dismissed</u>.

(4)    Responses to all motions with legal support or memorandum shall be filed on or before **July 27, 2026**.

(5)    A hearing on all motions, if referred to the Magistrate Judge by the Court, shall be held by the Magistrate Judge on **July 28, 2026 at 9:30 am**. <u>If any of the pre-trial motions require the taking of testimony, the party offering the testimony shall notify the Magistrate Judge's Chambers seven (7) days prior to the hearing to obtain a court reporter for the hearing.  The</u>

defendant shall be present at the hearing on all pre-trial motions.  The United States Marshals Service requires that subpoenas for witnesses be issued ten days prior to the date of the hearing in order for them to be able to serve them.

(6)    Rule 404(b), Giglio, and Roviaro evidence shall be disclosed on or before **August 11, 2026**.  LR Cr P 16.06.

(7)    It is requested that the government disclose materials described in 18 U.S.C. § 3500 (Jencks Act material) on or before **August 11, 2026**.

(8)    All proposed voir dire questions, motions in limine (which must be limited to matters actually in dispute) and proposed jury instructions shall be submitted by counsel to the Court and opposing counsel on or before **5:00 p.m., August 6, 2026**.  LR Cr P 24.01.

The proposed jury instructions will: (1) contain the style of the case, (2) the name of the party submitting the jury instructions, (3) be separately and consecutively numbered, (4) state by title the subject matter of the instruction, and (5) include a recorded citation of authority in support of the proposed jury instruction.

Objections to opposing counsel's instructions of law are due in writing no later than the last working day before trial.

If the instructions in this case are typed on a computer, counsel are requested to provide to the Court a disk containing the instructions in Microsoft Word or WordPerfect 12.0 format which is labeled as to the case style, civil action number and party proposing the instructions.  The envelope containing the disk should be marked "Contains Disk – Do Not X-Ray – May be Opened for Inspection."  The disk will be returned to counsel if requested.  LR Cr P 24.01.

(9)    By **5:00 p.m., August 11, 2026,** counsel for each party shall file with the United States Clerk's Office, Wheeling Division, and serve upon opposing counsel a list of probable

witnesses and possible witnesses (identified as such), but **not** whether the Defendant shall be a witness.  The list shall state the full name and address of each witness and shall also contain a brief statement of the subject matters to be covered by each witness.  Expert witnesses and record custodians shall be identified as such on the list.  LR Cr P 16.07.

(10)    By **5:00 p.m., August 11, 2026**, counsel for each party shall file with the United States Clerk's Office, Wheeling Division, and serve upon opposing counsel a list of exhibits to be offered at trial.  In addition, counsel for each party shall number the listed exhibits with evidence tags which may be obtained from the Clerk and shall exchange a complete set of marked exhibits with opposing counsel (except for large or voluminous items or other exhibits that cannot be reproduced easily).  LR Cr P 16.08.

(11)    If this matter results in the formulation of a plea agreement, counsel shall submit to the Court the executed plea agreement or an unexecuted final proposed agreement by **5:00 p.m., August 18, 2026**.

**The deadlines stated in LR Cr P 16.07, LR Cr P 16.08 and LR Cr P 24.01 are deadlines for hand delivery or delivery by FAX.  If the items required to be served on opposing counsel are served by mail, the deadline shall be two (2) days earlier.**

(12)    A pre-trial conference in this case will be held on **August 17, 2026, at 2:00 pm,** in the North District Courtroom at the Wheeling, WV point of holding Court before the Honorable John Preston Bailey, to discuss all pending matters and to confirm the trial date.

(13)    **Jury selection** in this matter will be conducted before the Court at the following time and place:

Federal Building
1125 Chapline Street
Second Floor
North Courtroom

Wheeling, WV 26003
**August 25, 2026, at 9:00 a.m.**

(14)    **Trial** will commence upon completion of jury selection in all cases scheduled for trial.

(15)  **Motion for Continuance**:  If a party desires to file a Motion for a continuance of a trial or any other scheduled event, the moving party or parties must contact all other parties to determine **three (3) non-consecutive possible dates** to which to continue to the deadline or hearing.  The moving party must specify those three (3) possible dates to which to continue the deadline or hearing.  If counsel for the opposing party or for any Co-Defendant objects to a continuance, that fact shall also be noted in the Motion.

(16)    If a party believes that there may be a disputed issue on the admissibility of certain evidence at trial, that party's counsel shall file a memorandum of law on that issue with a copy served upon opposing counsel **at least 48 hours prior to trial.**

(17)    Motion for Sentencing Departure or Variance:  If this criminal action results in a conviction of the Defendant, any Motion for a sentencing departure or variance shall be in writing and shall be filed **at least three (3) business days before the scheduled sentencing hearing**.

(18)    Defendant shall appear at every scheduled matter including, but not limited to, motion hearing, pretrial conference, trial and every other proceeding. If incarcerated, the U.S. Marshals Service is directed to transport the Defendant.

**IT IS FURTHER ORDERED** that, pending further proceedings, Defendant is **RELEASED on the terms of the Order Setting Conditions of Release filed herein.** [ECF No. 9].

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia, to the United States Probation Office and to the United States Marshals Service.

     DATED: July 9, 2026

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE