**United States Department of Justice**

*Matthew L. Harvey*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

Frederick P. Stamp, Jr.
Federal Building and United States Courthouse
1125 Chapline Street Phone: (304) 234-0100
Suite 3000 FAX: (304) 234-0111
Wheeling, WV 26003

L. Richard Walker, Esq.
Assistant Federal Public Defender
Federal Public Defender Office
230 West Pike Street
Huntington Bank, Suite 360
Clarksburg, WV 26301
VIA EMAIL DELIVERY

September 9, 2026

Re: United States v. Kerr KRIISA, Criminal Action No. 1:26-CR-29

Dear Mr. Walker:

This will confirm conversations with you concerning your client, Kerr Kriisa (hereinafter referred to as "the defendant" or "Mr. Kriisa"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. The defendant will plead guilty to Count Four of the Indictment, charging him with Wire Fraud, in violation of Title 18, United States Code, Section 1343.

2. The maximum penalty to which the defendant will be exposed by virtue of his plea of guilty to Count Four of the Indictment is: imprisonment of 20 years, a fine of $250,000, and a term of three years of supervised release. It is further understood by the defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction which must be paid within 40 days following entry of his plea by money order or certified check to the United States District Court. It is also understood that the defendant may be required by the Court to pay the costs of his incarceration and supervision.

Kerr Kriisa
Kerr Kriisa, Defendant

September 28, 2026
Date

L. Richard Walker, Esq., Counsel for Defendant

9-28-2026
Date

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States.

3. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding term: **a sentence of not more than twenty-four (24) months of imprisonment**. The parties are free to ask for any sentence up to twenty-four (24) months of imprisonment. The Court will determine the amount of the supervised release and any fine. The parties understand that if the Court does not accept the binding provision of this paragraph, then Mr. Kriisa will have the right to withdraw his plea of guilty.

4. The parties hereby stipulate and agree that the base offense level is **Base Offense Level 7** because, as set forth in Section 2B1.1(a)(1), the offense of conviction has a statutory maximum term of imprisonment of 20 years.

In addition, the parties hereby stipulate and agree that a **14-level increase** in the offense level is applicable because, as set forth in the version of Section 2B1.1(b)(1)(H) that becomes effective on November 1, 2026, the loss exceeded $750,000 but did not exceed $2 million, based on a reasonable estimate of the parties.

The parties do not believe there are any other applicable specific offense characteristics that would cause an additional increase in the offense level.

Finally, the parties hereby stipulate and agree that, if the defendant does not receive any criminal history points from Chapter Four, Part A, then a **two-level decrease** in the offense level is applicable pursuant to Section 4C1.1 because the defendant meets all the other criteria outlined in that section.

The parties understand that the Court is not bound by the Guidelines stipulations in this paragraph and is not required to accept them. The defendant understands and agrees that should the Court not accept the above Guidelines stipulations, the defendant will not have the right to withdraw his plea of guilty.

Kerr Kriisa — September 28, 2026

Kerr Kriisa, Defendant — Date

[signature] — 9-28-2026

L. Richard Walker, Esq., Counsel for Defendant — Date

5. The defendant understands that the forfeiture of property will be part of the sentence imposed in this case, including a forfeiture money judgment discussed below.

Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the defendant referred to, identified, or lead to the identification or location of such property. The defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this Agreement, the defendant hereby withdraws any claim Defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

The defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. The defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

The defendant agrees to the entry of a forfeiture personal money judgment in the same amount as listed in the sealed addendum concerning restitution referenced below.

A. The defendant stipulates that substitute property is subject to forfeiture because, as a result of the defendant's acts and omissions, all property subject to direct forfeiture is not available for forfeiture for the reasons described in 21 U.S.C. § 853(p)(l), subparagraphs (A) — (E). Until the value of such property subject to direct forfeiture has been forfeited, the defendant will not contest the forfeiture of any substitute asset the government seeks to forfeit.

B. The defendant agrees to identify any property that could be forfeited as substitute property. The defendant further agrees to take all steps as requested by the United States to obtain from any other person, by any lawful means, all records of assets ever owned by the defendant. The defendant

Kerr Kriisa | September, 28, 2026

Kerr Kriisa, Defendant | Date

[signature] | 9-28-2026

L. Richard Walker, Esq., Counsel for Defendant | Date

also agrees to execute any deed or other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

C. The defendant understands that the United States may conduct discovery under the Federal Rules of Civil Procedure, Rule 32.2 of the Federal Rules of Criminal Procedure, and Title 21, United States Code § 853(m), to locate additional assets in order to satisfy the defendant's money judgment obligation in this case. The defendant agrees to participate in such discovery and to identify property over which the defendant owns, has an ownership interest in, or has exercised control over at the time of signing this agreement.

D. The defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

E. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 1 1(b)(l)(J).

F. The United States agrees to make a non-binding recommendation to the Money Laundering, Narcotics and Forfeiture (MNF) Section at the Department of Justice that the proceeds from any forfeited assets in this case be distributed to the victims of the offense in accordance with any restitution ordered in this case.

| | |
|---|---|
| Kerr Kriisa | September 28, 2026 |
| Kerr Krisa, Defendant | Date |
| [signature] | 9-28-2026 |
| L. Richard Walker, Esq., Counsel for Defendant | Date |

6. The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution as outlined in the sealed addendum to this plea agreement.

The defendant understands that the United States Attorney's Office has agreed to seek the approval of the Money Laundering, Narcotics and Forfeiture (MNF) Section at the Department of Justice to have forfeited funds applied to restitution, as appropriate under applicable regulations. The United States' Attorney's Office has made no representations as to whether such a request will be approved. The Attorney General, through MNF, reviews the restoration request and at their discretion may restore forfeited property to victims identified in the restitution order. Any forfeited property that is transferred to a victim by the Attorney General pursuant to Title 18, United States Code, Section 982(b)(1) (incorporating Title 21, United States Code, Section 853(i)(1)) shall be set off against the restitution order including in the judgment and commitment order.

The defendant agrees that all criminal monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and vice versa and defendant waives any rights defendant may have under the Right to Financial Privacy Act. The defendant also authorizes the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his/her financial condition. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant agrees to cooperate fully in efforts to collect the criminal monetary penalty by any legal means the Government deems appropriate. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimum financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment.

If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Program, may submit any unpaid criminal monetary penalties to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

The defendant agrees not to encumber, sell, transfer, hide, waste, devalue, or in any other way dispose of any assets without authorization from the United States or the Court, including any interest held or owned in any other name, including all forms of business entities and trusts.

Kerr Kriisa — September 28, 2026

Kerr Kriisa, Defendant — Date

[signature] — 9-28-2026

L. Richard Walker, Esq., Counsel for Defendant — Date

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

The defendant agrees to pay all criminal monetary penalties to the fullest extent possible before sentencing. Any payments made before sentencing should be made only after consulting with the United States Attorney's Office Financial Litigation Program. After such consultation, any criminal monetary penalty payment shall be made by certified/cashier check or money order payable to Clerk, U.S. District Court and mailed to Clerk, U.S. District Court, Attn: Fines & Restitution, P.O. Box 471, Wheeling, WV 26003. If the defendant is financially able to pay part or all of the criminal monetary penalty prior to sentencing and fails to do so, then the Office of the United States Attorney shall have the right to withdraw any sentencing recommendations and/or to void this Agreement.

7. As the factual basis for the guilty plea, the parties hereby stipulate and agree to the following facts.

> On or about February 3, 2026, using an email account he created to pose as a fictional person he named "Irene," the defendant emailed VICTIM-2, "9000$ and this all can be done . . . . No court, no publicity and everything is done. I believe it's going to cost more and it would come out regardless if we go to court. Its [sic] up to you." The defendant sent this email, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia, for the purpose of executing and attempting to execute his scheme to defraud and obtain money by means of materially false and fraudulent pretenses, including but not limited to the fraudulent pretense that "Irene" was a real person.

8. Mr. Kriisa waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 543 U.S. 220 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Kriisa further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

9. Mr. Kriisa will be completely forthright and truthful regarding all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Mr. Kriisa will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

| | |
|---|---|
| Kerr Kriisa | September 28, 2026 |
| Kerr Kriisa, Defendant | Date |
| [signature] | 9-28-2026 |
| L. Richard Walker, Esq., Counsel for Defendant | Date |

10. Nothing contained in any statement or any testimony given by the defendant, pursuant to Paragraph 9, will be used against him as the basis for any subsequent prosecution. The defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that he committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the defendant in any state or federal prosecution. In this regard, the defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from the defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range.

This agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 9 above.

11. At final disposition, the United States will advise the Court of the defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. In addition, the United States agrees to move to dismiss, at the sentencing hearing, all other remaining counts of the Indictment as they pertain to the defendant.

12. Although this agreement contains a binding term regarding imprisonment, the United States will make the following nonbinding recommendations: 1) if Mr. Kriisa accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) should Mr. Kriisa give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Kriisa must execute this Plea Agreement on or before 5:00 p.m., September ~~14,~~ 28 2026**, and return an executed copy to the United States by that day and time.

LRW [initials] [initials]

Kerr Kriisa [signature]
Kerr Kriisa, Defendant

September 28, 2026
Date

[signature]
L. Richard Walker, Esq., Counsel for Defendant

9-28-2026
Date

13. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences him pursuant to Paragraph 3 of this agreement:

A. The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B. The defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

Kerr Krisa   September 28, 2026

Kerr Krisa, Defendant   Date

[signature]   9-28-2026

L. Richard Walker, Esq., Counsel for Defendant   Date

14. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32 of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32, not order a presentence investigation, relevant information, including information regarding Mr. Kriisa's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing in Rule 32 of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Kriisa or his counsel.

15. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

16. This plea offer expires if not accepted by execution and return on or before **September ~~14,~~ 25 2026.** CRW JJD

17. The above sixteen (16) paragraphs constitute the entire agreement between the defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

MATTHEW L. HARVEY
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the nine (9) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Kerr Kriisa, Defendant — Date: September 28, 2026

L. Richard Walker, Esq., Counsel for Defendant — Date: 9-28-2026